IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SCOTT,

      Plaintiff,                      No. CIV S-06-0784 MCE DAD P

    vs.

METHODIST HOSPITAL, et al.,      ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state parolee proceeding pro se with an action he filed while confined in Avenal State Prison. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        Plaintiff's complaint was not accompanied by the $350.00 filing fee or an application to proceed in forma pauperis. By order filed April 26, 2006, plaintiff was granted thirty days to pay the filing fee or submit a properly completed in forma pauperis application. On May 25, 2006, plaintiff requested a thirty-day extension of time to file an in forma pauperis application. Plaintiff alleged that the account office was mishandling his application. On June 1, 2006, plaintiff was granted a thirty-day extension of time to file an in forma pauperis application.

        On July 5, 2006, plaintiff filed a notice of change of address reflecting his release from prison. Plaintiff also filed an application to proceed in forma pauperis on the form to be used by non-prisoners. Plaintiff declares under penalty of perjury that he received no money

1

from any source during the twelve months preceding the date of his application. The court's own records reveal that plaintiff did receive money during the twelve-month period between July 6, 2005, and July 5, 2006. The in forma pauperis application filed by plaintiff on March 20, 2006 in Scott v. Godfrey, case No. CIV F-05-1566 REC DLB (E.D. Cal.), includes a trust account statement showing that plaintiff had a trust account balance on September 1, 2005, and received income from a prison job in the month of September 2005. The trust account statement does not cover the full twelve-month period relevant to this action but does demonstrate that plaintiff has not submitted an accurate and truthful application to proceed in forma pauperis in this action. The application will be denied on the ground that it is inaccurate.

> In the order filed in this action on April 26, 2006, plaintiff was advised as follows:
>
> > After plaintiff has paid the filing fee or submitted a properly completed in forma pauperis application, the court will screen plaintiff's complaint. The undersigned notes that plaintiff has filed at least sixteen cases in the United States District Court for the Eastern District of California in the past six years, and it appears that plaintiff has previously sued all of the defendants in this case at least once. Plaintiff is cautioned that sanctions may be imposed if the claims in this action are the same frivolous claims against Methodist Hospital, the Superior Court, and various attorneys that have previously been dismissed for failure to state a § 1983 claim upon which relief may be granted. See Scott v. Methodist Hospital, et al., case No. CIV S-02-0042 DFL PAN PS (dismissed July 5, 2002, as frivolous and for failure to state a claim); Scott v. Superior Court, et al., case No. CIV S-02-1912 FCD JFM P (dismissed February 18, 2003, on Younger and Heck grounds); Scott v. Methodist Hospital, et al., case No. CIV S-03-0259 GEB DAD P (dismissed April 25, 2003, as frivolous and for failure to state a claim); Scott v. Barry & Randolph, case No. CIV S-03-1276 FCD KJM PS (voluntarily dismissed July 10, 2003); Scott v. Sacramento Superior Court, et al., case No. CIV S-04-2742 DFL JFM P (dismissed June 14, 2005, for failure to state a claim).
> >
> > Plaintiff is further cautioned that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915
> >
> > > if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

> which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).  It appears that plaintiff may have already
> suffered two strikes for purposes of § 1915(g).  If this case proves
> to be his third strike, plaintiff will be unable to bring any additional
> cases in forma pauperis unless he is under imminent danger of
> serious physical injury.

(Order filed Apr. 26, 2006, at 1-2.)

Although plaintiff has not paid the filing fee or filed a properly completed in forma pauperis application, the undersigned will screen plaintiff's complaint without further delay.  The court is required to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of such an entity.  28 U.S.C. § 1915A(a).  The court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  When any plaintiff seeks leave to proceed in forma pauperis, the court must dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

In the present case, the defendants are Sacramento Superior Court, Randolph Cregger & Chalfont LLP, Methodist Hospital, and Michael Ubaldi, Esq.  Plaintiff's statement of claim and prayer for relief are set forth below in their entirety.

> I'm soon to parole this year to appear in your building for
> the following reasons.  Due to the multiple filings requesting
> permission to serve consent documents to the cross-complaint
> parties involved with Methodist Hospital Catholic Hospital
> Healthcare West.
>
> I've requested your assistance to grant me an attorney
> except you've denied that request multiple times when you know
> that hospital attorney insurance agency have taken extreme action
> against me for their mistakes.  The video evidence of the incident
> is the main evidence to prove my case.  I state again without the
> hospital video I'll lose the case in "May" by time expiration.  There
> was no evidence proven by the hospital staff or attorneys to explain

1   who I was before they released the baby to me. No disposition
2   subpoena for personal appearance or to quash was never filed. To
    let them get away with perjury is blackmail.

3   After the hospital video evidence date expires in May, "I
4   will have no proof." I want you to make the consent documents to
    be served on them. That their explanation about the Disposition
5   Subpoena Document not being given. What purpose they updated
    the Cross-Complaint by perjury to the judge. That you state in the
6   response that I've the Disposition Documents they didn't provide
    me with at the personal delivery by service fee. The service fee
7   prove they didn't notify my public defender or give no disposition
    documents to my public defender because they purged everything
8   from the start. I also want to state that I've U.S.D.C. letter about
    the multiple merits on my behalf that prove they know U.S.D.C.
9   are letting them get away with perjury. I want millions $.

10  (Compl. at 3.)

11         Plaintiff seeks relief under 42 U.S.C. § 1983. The statute provides that

12  [e]very person who, under color of [state law] . . . subjects, or
    causes to be subjected, any citizen of the United States . . . to the
13  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
14  law, suit in equity, or other proper proceeding for redress.

15  42 U.S.C. § 1983. The statute requires an actual connection between the actions of the

16  defendants and the deprivation of rights alleged to have been suffered by plaintiff. Monell v.

17  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

18         A private person or entity does not act under color of state law for purposes of 42

19  U.S.C. § 1983 unless the private person or entity "willfully participates in joint action with state

20  officials to deprive others of constitutional rights." Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.

21  1989). Although lawyers are licensed by the state, they are not government officials merely

22  because they are lawyers. See Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (citing In re

23  Griffiths, 413 U.S. 717, 729 (1973)). An attorney appointed by the state to represent an

24  individual in state court "does not act under color of state law when performing a lawyer's

25  traditional functions as counsel." 454 U.S. at 318-19, 325.

26  /////

1     In the present case, plaintiff has sued the Sacramento County Superior Court, a
2 governmental entity.  However, plaintiff cannot state a claim under § 1983 against the
3 Sacramento County Superior Court or the court's employees because such suits are barred by the
4 Eleventh Amendment.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156,
5 1161 (9th Cir. 2003) (holding that arms of the state for Eleventh Amendment purposes are not
6 liable under 42 U.S.C. § 1983); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812
7 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh
8 Amendment purposes).

9     Plaintiff has alleged no facts demonstrating that defendants Randolph Cregger &
10 Chalfont LLP, Methodist Hospital, and Michael Ubaldi, Esq. are state agencies or state officials
11 or that these defendants participated in joint action with a state agency or a state official to
12 deprive plaintiff of federal rights.  "[O]f course, 'merely resorting to the courts . . . does not make
13 a party a co-conspirator or a joint actor with the judge.'"  Price v. Hawaii, 939 F.2d 702, 708 (9th
14 Cir. 1991) (quoting Dennis v. Sparks,, 449 U.S. 24, 28 (1980)).

15     The court finds that plaintiff's complaint fails to state any claim upon which relief
16 can be granted under 42 U.S.C. § 1983.  Plaintiff's complaint is legally frivolous and must be
17 dismissed.  Plaintiff will not be granted leave to amend because the defects of his complaint
18 cannot be cured by amending.

19     Plaintiff has previously sued Methodist Hospital, Methodist Hospital employees,
20 and Methodist Hospital attorneys in at least six civil rights actions in this district.  See case No.
21 CIV S-01-1620 DFL JFM P (dismissed for failure to keep the court apprised of a current
22 address); case No. CIV S-02-0042 DFL PAN PS (dismissed as frivolous and for failure to state a
23 claim); case No. CIV S-02-0487 FCD GGH P (dismissed pursuant to Younger and Heck); case
24 No. CIV S-02-1912 FCD JFM P (dismissed pursuant to Younger and Heck); case No. CIV S-03-
25 0259 GEB DAD P (dismissed for failure to state a claim upon which relief can be granted and as
26 legally frivolous); and case No. CIV S-03-1276 FCD KJM PS (voluntarily dismissed).  Plaintiff

has previously sued the Sacramento County Superior Court in at least two civil rights actions in this district.  See case No. CIV S-02-1912 FCD JFM P (dismissed pursuant to Younger and Heck) and case No. CIV S-04-2742 DFL JFM P (dismissed for failure to state a claim upon which relief may be granted on June 14, 2005).  In light of plaintiff's repeated filing of frivolous claims against the same defendants, the undersigned will recommend that plaintiff's claims against the defendants in this action be dismissed with prejudice.

In accordance with the above, IT IS ORDERED that plaintiff's July 5, 2006 application to proceed in forma pauperis is denied; and

IT IS RECOMMENDED that all claims in this action be dismissed with prejudice for failure to state a claim upon which relief can be granted and as legally frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2006.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
scot0784.56